UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO

**MUKHTIAR S. KHALSA,**

    Plaintiff,

v.                                                    a:15-cv-01010-WJ/KBM

**U.S. BANK, N.A., BANK OF AMERICA, N.A.,**
and **OCWEN LOAN SERVICING, LLC,**

    Defendants.

**DEFENDANTS' MOTION THROUGH SPECIAL APPEARANCE
TO QUASH THE SUMMONSES AND TO SET ASIDE DEFAULT JUDGMENT
OR, IN THE ALTERNATIVE TO DISMISS THE COMPLAINT**

**COMES NOW**, Defendants U.S. Bank, NA, Bank of America, NA, and Ocwen Loan Servicing, LLC, *specially appearing* through counsel Houser & Allison, APC (Kerri L. Allensworth, Esq.) and hereby move the Court to quash the returns of service as to each of them and to set aside the default or, in the alternative, to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(2) and (5), on the grounds the purported service of process on Defendants did not comply with federal or state court rules.

**BACKGROUND**

This case arises out of a judicial foreclosure involving a property located in Espanola, New Mexico. U.S. Bank, National Association, as Trustee for C-Bass 2007-SPI Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-SPI filed a Complaint for Foreclosure on October 1, 2015, seeking to foreclose on a note and mortgage that was originally executed by Defendants Mukhtiar S. Khalsa and Gurnam K. Khalsa in September 2005. *See* Cause No. D-101-CV-2015-02177. The current unpaid principal balance on the loan is $166,499.88, and Mr. Khalsa has not made a payment in over five years.

Plaintiff filed this declaratory judgment action *pro se* on November 6, 2015, for rescission under 15 U.S.C. § 1635 and for restitution under 15 U.S.C. § 1640. That same day, summonses were issued for the Defendants. A Proof of Service on Defendant Bank of America, NA, was signed by Gregory B. Molinar on November 6, 2015, stating:

> On November 6, 2015, I mailed this summons attached Complaint to the attorney for Defendant Bank of America, National Association, Rose L. Brand & Associates, P.C. attn. Andrew Yarringon, Esq. via USPS Priority mail tracing number 9505511221385310553305. The summons was received at the front reception desk of Rose L. Brand & Associates, P.C. November 7, 2015 as per the attached USPS tracking report.

*See* Return of Service [Doc. 6]. Similar Proofs of Service were signed by Mr. Molinar and filed with the Court regarding the purported service on U.S. Bank, N.A. and Ocwen Loan Servicing, LLC. [Docs. 5 and 7].

## ARGUMENT

Due process requires notice reasonably calculated under all the circumstances, to inform parties of the action and afford them the opportunity to present their objections. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950). A party may challenge the sufficiency of service of process without waiving such objection. *See* 5B FEDERAL PRACTICE AND PROCEDURE § 1344 (2004). The plaintiff has the burden of establishing the validity of service of process. *Fed. Deposit. Ins. Corp. v. Oaklawn Apts.,* 959 F.2d 170, 174 (10th Cir. 1992); *Lasky v. Lansford,* 76 Fed. Appx. 240 (10th Cir. 2003).

Mr. Khalsa's purported service does not comply with federal or New Mexico law regarding service of process and the returns of service should be quashed and the default judgment be set aside.

**I.     SERVICE OF PROCESS WAS INSUFFICIENT UNDER FEDERAL LAW.**

Under federal law, service of process upon corporations is governed by Rule 4(h). This Rule provides in subparagraph (1)(B) that service on a corporation may be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-- if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant […]." While Mr. Khalsa mailed the complaint, he did not deliver it to an officer or an agent authorized by appointment or by law to receive service of process on Defendants' behalf.

It is insufficient to simply mail the summons to a corporation or, in this case, to an attorney who may have represented Defendants in other cases but who did not agree to accept service of process on behalf of Defendants and, in fact, was not authorized to accept service of process on Defendants' behalf in this matter. While it may be that the post office delivered an envelope to Rose L. Brand's office on November 7, 2015, no one at Rose L. Brand's office is an officer or agent of any of the Defendants or was appointed or otherwise authorized by law to receive service on their behalf.

In *Arthur v. Litton Loan Servicing LP*, 249 F.Supp2d 924 (E.D. Tenn. 2002), the plaintiff attempted to serve process on the defendant through defendant's attorney. The District Court concluded that the plaintiff's service was deficient, explaining:

> The mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean the person is authorized to receive service of process on the defendant's behalf. The federal courts examine the circumstances of the agency relationship. Although authority to receive service of process need not be explicit, it must be either express or implied from the type of relationship which has been established between the defendant and the alleged agent. The bare fact that an alleged agent actually accepts process for the defendant is not enough to constitute valid service of process. There must be evidence that the defendant

intended to confer upon its agent the specific authority to receive and accept service of process for the defendant. The defendant's attorney is not deemed an agent appointed to receive service of process absent a factual basis for believing that such an appointment by the defendant has occurred.

*Id.*, 929.

Defendants did not specifically authorize anyone at Rose L. Brand's office to act as its agent to receive service of process. The fact Andrew Yarrington has represented the Defendants in related matters is insufficient to make him an agent for service of process. *See id.*, 929-930 ("the mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority necessary for the attorney to receive service of process on the defendant's behalf").

## II. SERVICE OF PROCESS WAS INSUFFICIENT UNDER NEW MEXICO LAW.

Service on the Defendants similarly fails under New Mexico state law. Rules 1-004(E)(3) (service on an individual) and 1-004(G)(1)(a) (service on a corporation) set forth the requirements that must be met in order to perfect service of process:

> Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person <u>authorized by appointment, by law or by this rule</u> to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. […]. (Emphasis added).
>
> Rule 1-004(E)(3) NMRA.
>
> [A] domestic or foreign corporation, a limited liability company or an equivalent business entity by serving a copy of the process to an officer, a managing or general agent or to any other agent <u>authorized by appointment, by law or by this rule</u> to receive service of process. If the agent is one authorized by statute to receive service and the statue so requires, by also mailing a copy to the defendant. (Emphasis added)
>
> Rule 1-004(G)(1)(a) NMRA.

By the express terms of these rules, it is not sufficient to mail a summons to a defendant. Like its federal counterpart, New Mexico Rule 1-004 requires the person signing for the summons and complaint be a person "authorized by appointment, by law or by this rule to accept service of process." No one at Rose L. Brand's office was authorized or designated to accept service on Defendants' behalf and the purported service of process on Defendants is ineffective.

### III. THE DEFAULT JUDGMENT IS VOID BECAUSE THIS COURT LACKS JURISDICTION OVER DEFENDANTS.

"[D]efault judgments are not favored" and cases should be tried upon their merits. *Ortiz v. Shaw*, 2008-NMCA-136, ¶ 12, 193 P.3d 605. Moreover, a default judgment is void and cannot stand if the court did not obtain jurisdiction over the party. *Classen v. Classen*, 1995-NMCA-022, ¶ 10, 93 P.2d 478 (judgments are void if the court rendering the judgment "lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law"), relying on *In Rem Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 841 (10th Cir. 1974). Absent a showing of proper service, "it follows that the court was without jurisdiction to enter the judgment [...] and it was void." *Barela v. Lopez*, 1966-NMSC-163, ¶ 3, 76 N.M. 632; *Chapman v. Farmers Insurance Group*, 1976-NMCA-128, 90 N.M. 18, 558 P.2d 1157 (default judgment was void where service on the defendant was defective, thus depriving the trial court of jurisdiction to enter an *in personam* judgment). The default judgment was entered in the absence of proper service or waiver of service and is invalid. It should, therefore, be set aside.

### IV. ACTUAL NOTICE OF THE PROCEEDINGS DOES NOT EXCUSE PLAINTIFF FROM COMPLIANCE WITH THE RULES OF CIVIL PROCEDURE.

"[T]he rules are there to be followed, and plain requirements for the means of effective service of process may not be ignored." *Armco v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Defendants' knowledge of the lawsuit is not a substitute for

proper service. *Bethley v. City of Spencer, Okla.*, 1994 WL 573765, at *4 (10th Cir. Oct. 19, 1994); *Wagner Intern., LLC v. Mandal Alt. Do., Ltd.*, 2005 WL 1606900 (D. Colo. 2005); *Shaw v. District of Columbia*, 2006 WL 1371681, *5 (D.D.C. 2006) ("It is well established that a named defendant's actual knowledge of a lawsuit is no substitute for proper service of process under Federal Rule of Civil Procedure 4."). *See also Roybal v. Roybal*, No. 29,806, 2010 WL 3971587, *2 (N.M. Ct. App. Jan. 6, 2010) (unreported decision) ("actual notice does not alter the jurisdictional analysis" where a default judgment is at issue); *Capco Acquisub, Inc. v. Greka Eneergy Corp.*, 2008-NMCA-153, ¶ 46, 198 P.3d 354 (reversing default judgment against defendant who had actual knowledge of the suit, but was never properly served).

Mr. Khalsa has represented himself in the New Mexico Courts since approximately 2010 and should be fully aware of the rules of procedure. In a prior foreclosure action involving this loan and property, Case No. D-101-CV-2010-00255, Judge Barbara Vigil sanctioned Mr. Khalsa and awarded the Defendants their attorneys' fees in the amount of $1,225.00 for filing frivolous pleadings in that lawsuit. Judge Vigil also entered an order on September 3, 2010, prohibiting Mr. Khalsa from filing further pleadings in that case without leave of the court.

Mr. Khalsa has similarly failed to follow the rules of civil procedure with regard to service in other cases he has filed, which relate to the same property and loan at issue in this case. He filed a Declaratory Judgment in First Judicial District Court on May 29, 2015. *See* Case No. D-101-CV-2015-01340. He, again, failed to properly serve the Defendants in that case.

Mr. Khalsa is not excused from following the New Mexico Rules of Civil Procedure just because he represents himself. *See Brooks v. Brooks*, No. 34,492, 2015 WL 4366711, at *1 (N.M. June 30, 2015) (pro se litigants are not afforded preferential treatment and must adhere to

the same standards applicable to all other litigants); *Newsome v. Farer,* 1985–NMSC–096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (holding that self-represented litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar").

## CONCLUSION

Rule 4 of both the federal and state court rules clearly places the burden on plaintiffs to effectuate service of process in an appropriate manner. While someone at Rose L. Brand's office may have received the mail on November 7, 2015, which included the summonses for the Defendants, no one at Rose L. Brand's office was authorized to accept service on behalf of Defendants. Jurisdiction depends on proper service of the summons and complaint. The returns of service submitted by Plaintiff are defective and do not comply with the requirements of the Rules of Civil Procedure. Accordingly, the returns of service should be quashed and the default judgment is void and must be set aside. In the alternative, the case should be dismissed for lack of jurisdiction.

HOUSER & ALLISON, APC

By: _____
Kerri L. Allensworth, Esq.
111 Lomas Blvd. NW, Suite 205
Albuquerque, NM 87102
(949) 679-1111
*Attorneys for Defendants under Special Appearance*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2016, a true copy of the foregoing pleading was filed with the Court's electronic filing system. A copy was also sent via electronic mail to the following:

Mukhtiar S. Khalsa
P.O. Box 593
Santa Cruz, NM 87567
(505)450-2802
mukhtiar@newmexico.com

Kerri L. Allensworth