# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MUKHTIAR S. KHALSA,

        Plaintiff,

v.                                                                                                                No. CV 15-01010 WJ/KBM

U.S.BANK, N.A., BANK OF AMERICA, N.A.,
and OCWEN LOAN SERVICING, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO QUASH THE SUMMONSES AND TO SET ASIDE DEFAULT JUDGMENT AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION

THIS MATTER comes before the Court upon Defendants U.S. Bank, N.A., Bank of America, N.A., and Ocwen Loan Servicing, LLC's ("Defendants") Motion Through Special Appearance to Quash the Summonses and to Set Aside Default Judgment or, in the Alternative to Dismiss the Complaint (**Doc. 18**), filed January 14, 2016. Also before the Court is Plaintiff Mukhtiar S. Khalsa's Motion to Strike Defendants' Motion Through Special Appearance to Quash the Summonses and to Set Aside Default Judgment and the Special Entry of Appearance of Ms. Kerri L. Allensworth of Houser and Allison, APC (**Doc. 21**), filed February 11, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Defendants' Motion is well taken, and therefore **GRANTED**, and Plaintiff's Motion is not well taken, and therefore **DENIED**, as herein described.

## BACKGROUND

Plaintiff Mukhtiar S. Khalsa ("Plaintiff") appearing *pro se*, filed a Complaint for Declaratory Judgment and For Restitution (**Doc. 1**) on November 6, 2015. Plaintiff alleges that on May 1, 2015, each of the Defendants received notices of rescission made by Plaintiff, pursuant to 15 U.S.C. § 1635, rescinding a loan associated with a mortgage recorded as document # 1397363 in the office of the Clerk of Santa Fe County, New Mexico. He further alleges that he caused a Notice of Release of Mortgage under Operation of Law recorded as instrument # 1771332 in the office of the Clerk of Santa Fe County, New Mexico. Plaintiff alleges that none of the Defendants have complied with the obligations of a lender under the notices of rescission, and seeks declaratory judgment pursuant to 15 U.S.C. § 1635 and declaratory judgment and restitution pursuant to 15 U.S.C. § 1640.

On December 2, 2015, Plaintiff filed a Motion for Summary Judgment (**Doc. 10**), arguing that no genuine issue of material fact existed, and thus, Plaintiff was entitled to judgment in his favor as a matter of law. Plaintiff subsequently filed a Motion for Default Judgment (**Doc. 12**) on December 30, 2015, arguing that all Defendants had failed to answer or otherwise appear. On January 7, 2016, the Clerk of Court filed an Entry of Default (**Doc. 16**) against each Defendant, noting that each failed to plead or otherwise defend the action as provided by the Federal Rules of Civil Procedure.

On January 14, 2016, Defendants U.S. Bank, N.A., Bank of America, N.A., and Ocwen Loan Servicing, LLC specially appeared to file a Motion to Quash the Summonses and to Set Aside Default Judgment, Or, in the Alternative to Dismiss the Complaint (**Doc. 18**). Plaintiff filed his Response (**Doc. 20**) on February 1, 2016, and Defendants filed their Reply (**Doc. 22**) on February 15, 2016. On February 11, 2016, Plaintiff filed a Motion to Strike Defendants' Motion

to Quash the Summonses and Set Aside Default Judgment and the Special Entry of Appearance of Ms. Kerri L. Allensworth of Houser and Allen, APC (**Doc. 21**). Defendants filed their Response (**Doc. 24**) on February 25, 2016, and Plaintiff filed his Reply (**Doc. 25**) on March 11, 2016.

## LEGAL STANDARD

Valid service of process is a prerequisite to a federal court's assertion of personal jurisdiction over a defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). In order for service to be effective to confer personal jurisdiction, it must satisfy both due process and the applicable statutory requirements. *See Brand v. Mazda Motor of Am., Inc.*, 920 F. Supp. 1169, 1171 (D. Kan. 1996). All litigants, including *pro se* litigants, are required to follow the basis requirements of FED. R. CIV. P. 4. *See Di Cesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1983). The Plaintiff has the burden of establishing the validity of service of process. *See Fed. Deposit. Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

District courts are granted wide discretion with respect to applying their local rules and considerable deference is accorded to the district courts' interpretation and application of their own rules of practice and procedure. *See Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980). Although district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules. *See Hernandez v. George*, 793 F.2d 264, 267 (10th Cir. 1986).

## DISCUSSION

This Memorandum Opinion and Order addresses both Defendants' Motion to Quash the Summonses and Set Aside Default Judgment and Plaintiff's Motion to Strike Defendants' Motion. The Court will address each Motion in turn.

**I.     Motion to Quash Summonses and Set Aside Default Judgment**

Defendants, specially appearing, argue that Plaintiff simply mailed the summons and Complaint to Rose L. Brand & Associates, a law firm that had previously represented the Defendants in other cases. Defendants argue that it is insufficient service of process under federal law to mail the summons to an attorney who did not agree to accept service of process, and who in fact was not authorized to accept service of process. Additionally, Defendants argue that Plaintiff's attempt at service was insufficient under New Mexico state law, which requires the person signing for the summons and complaint to be authorized to accept service of process. Defendants argue that no one at Rose L. Brand & Associates' office was authorized or designated to accept service on Defendants' behalf. Defendants in essence concede that while they eventually had actual knowledge of the lawsuit, actual notice of the proceedings does not excuse Plaintiff from compliance with the Federal Rules of Civil Procedure. Defendants further note that Plaintiff has represented himself in the New Mexico court system since approximately 2010, and has failed to properly serve Defendants in an earlier case filed in the First Judicial District Court, County of Santa Fe, New Mexico.

Plaintiff argues that as the Rose L. Brand law firm represented the Defendants in the previous foreclosure action (ostensibly involving Plaintiff), the same authority to accept service of process is reasonably implied for the same interest in the same debt in this action. In his Response, Plaintiff alleges that he sent the summons and Complaint directly to each of the Defendants, attaching a photocopy of a mailing to the CEO of Defendant Ocwen Loan Servicing, LLC. Additionally, Karen Weaver, an attorney with Rose L. Brand & Associates, sent an email advising Plaintiff that he was not to communicate directly with Ocwen, and instead should pass all communications through their office. Plaintiff argues that this shows that Rose L. Brand &

Associates was authorized by Defendants to represent their interests.

Defendants acknowledge that Plaintiff belatedly attached an affidavit dated November 16, 2015 stating that the summons and Complaint were mailed directly to Defendants, and also filed Corrected Summons against each Defendant (**Doc. 13, 14, 15**). However, Defendants argue that the newly filed Proofs of Service do not conclude that the summons and Complaint were mailed directly to Defendants, as there was no signed receipt or other proof that the packages truly were sent. Defendants reiterate their argument that Plaintiff did not request that Rose L. Brand accept service on the Defendants' behalf, and express authority was therefore neither requested nor received from Defendants. Defendants argue that while Plaintiff filed a Supplemental Affidavit of Service (**Doc. 20**) claiming that he also mailed a copy of the summons and Complaint to the Chief Executive Officer of Defendant Ocwen Loan Servicing, LLC, there is no evidence that Plaintiff attempted service by anything other than U.S. Mail, and there is no evidence that the Defendant signed a receipt for the envelope or package as required under New Mexico Rule 1-004(E)(3).

The Court agrees with Defendants that Plaintiff's service of process was insufficient under federal law. Plaintiff has failed to deliver the summons and Complaint to an officer or agent authorized by appointment or by law to receive service of process on Defendants' behalf, as required by Fed. R. Civ. P. 4(h). Contrary to Plaintiff's argument, the authority to accept service of process is not implied, but rather must be authorized by appointment or by law. While Rose L. Brand & Associates may have previously represented one or more of the Defendants in prior litigation, there is no evidence that they were authorized to accept service of process on Defendants' behalf. Additionally, New Mexico Rule 1-004(E)(3) requires that "the defendant or a person authorized by appointment, by law or by this rule to accept service of process on the

defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process." While there is evidence that Plaintiff mailed the summons and Complaint to at least Defendant Ocwen Loan Servicing, LCC, there is no evidence that the Defendant signed a receipt for the envelope or package. Thus, the Court agrees with Defendants that Plaintiff's service of process was insufficient under New Mexico law. The Plaintiff has the burden of establishing the validity of service of process. *See Fed. Deposit. Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Serving an individual not authorized to accept service for a defendant is a textbook example of insufficient service of process. *See* JAMES WM. MOORE, 2 MOORE'S FEDERAL PRACTICE 3d § 12.33[4] at 12–54 (3d ed. 1997). While the Court does acknowledge that Plaintiff is proceeding *pro se* and "liberally construe[s] *pro se* pleadings," Plaintiff's "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cty*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Newsome v. Farer*, 708 P.2d 327 (N.M. 1985) (holding that *pro se* litigants are held to the same standard of conduct and compliance with court rules and procedures as members of the bar). Therefore, the Court finds that Plaintiff's service of process was insufficient under both federal law and New Mexico law.

Given that service of process was not effectively made, the Court now turns to the question of whether this failure voids the Entry of Default entered against Defendants (**Doc. 16**). Service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served. *See Okla. Radio Assoc v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). If there is no personal jurisdiction over the defendant, a default judgment in a civil case is void. *See United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004) (emphasis omitted). Therefore, the Court finds that because

Defendants had not been properly served when the Entry of Default was entered against them, the default judgment is void. Additionally, under FED. R. CIV. P. 60(b)(4), the Court finds that Defendants' Motion to Quash the Summonses and to Set Aside Default Judgment was made within a "reasonable time" as it was made one week after the Entry of Default. Accordingly, the Court will grant Defendants' Motion and set aside the default judgment. The Court declines to grant Defendants' alternative request to dismiss the case for lack of jurisdiction.

The Court will grant Plaintiff sixty (60) days to properly serve Defendants. If Plaintiff does not perfect service within this time period, the Court will dismiss this case without prejudice. Plaintiff is cautioned to file no further motions in this litigation until service is properly completed.

## II.     Motion to Strike Defendants' Motion

Perhaps reacting to Defendants' argument that Plaintiff must strictly follow the Rules of Civil Procedure, Plaintiff argues that when Kerri Allensworth, Defendants' counsel, signed and filed the Motion to Quash (**Doc. 18**), she failed to file an entry of appearance, and as such, the Motion to Quash was brought in violation of the local rules of civil procedure pursuant to D.N.M.L.R. Civ. 83.4(a). Rule 83.4(a) requires an attorney to enter an appearance or obtain leave of Court in order to participate in a pending proceeding. Therefore, the Plaintiff requests that the Motion to Quash filed on January 14, 2016 and Notice of Appearance filed on January 15, 2016 both be stricken from the record.

Defendants counter that they filed their Motion to Quash for the sole purpose of contesting jurisdiction over the Defendants. The following day, the Federal District Court Clerk contacted Defendants' counsel and requested counsel to enter an appearance. Defendants argue that they filed a *special* appearance specifically to contest jurisdiction and not a *limited*

7

appearance, and therefore, counsel was not required under D.N.M.L.R 83.4(c) to seek an Order from the Court before filing entry. Alternatively, Defendants argue that the local rule requirement serves "as a convenience to the Court and to all parties" and thus, a one-day delay did not prejudice Plaintiff. *Kiro v. Moore*, 229 F.R.D. 228, 231 (D.N.M. 2005).

Plaintiff replies that if, as Defendants' argue, "considerable deference is accorded to the court's interpretation and application of its own rules of practice and procedure," then there is a compelling argument that Plaintiff's service must be accepted. Plaintiff argues that, alternatively, counsel should have withdrawn the Motion to Quash, entered an appearance, and re-filed the Motion. Plaintiff further argues that Defendants cite to no rule or case to distinguish between a "special" appearance and a "limited" appearance. Finally, Plaintiff takes issue with Defendants' characterization of their appearance as only to challenge service, noting that their Motion to Quash addresses that Plaintiff has not made a mortgage payment in over five years and other accusations against Plaintiff.

The Court finds that Plaintiff misconstrues the important difference between the local rules of the District of New Mexico and the Federal Rules of Civil Procedure. While district courts are granted considerable deference in the application of their own rules of practice and procedure, valid service of process under FED. R. CIV. P. 4 is a prerequisite to a federal court's assertion of personal jurisdiction over a defendant. *Compare Hernandez v. George*, 793 F.2d 264, 267 (10th Cir. 1986) (addressing local rules), *with Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (addressing service of process). The Court agrees with Defendants that they have substantially complied with the purpose of D.N.M.L.R 83.4(a) and that a one-day delay between the filing of their Motion to Quash and Notice of Appearance did not prejudice Plaintiff. Therefore, Plaintiff's Motion to Strike Defendants' Motion Through

Special Appearance to Quash the Summonses and to Set Aside Default Judgment and the Special Entry of Appearance of Ms. Kerri L. Allensworth of Houser and Allison, APC (**Doc. 21**) is **DENIED.**

## CONCLUSION

The Court finds that Plaintiff's service of process was insufficient under both federal law and New Mexico law. Further, because Defendants were not properly served when the Entry of Default (**Doc. 16**) was entered against them, the default judgment against Defendants is void. The Court declines to grant Defendants' alternative request to dismiss the case for lack of jurisdiction.

The Court grants Plaintiff sixty (60) days to properly serve Defendants. If Plaintiff does not perfect service within this time period, the Court will dismiss this case without prejudice. Plaintiff is cautioned to file no further motions in this litigation until service is properly completed. Finally, Plaintiff's Motion to Strike Defendants' Motion is denied (**Doc. 21**).

Accordingly, the Court finds that Defendants' Motion is well taken, and therefore **GRANTED**, and that Plaintiff's Motion is not well taken, and therefore **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

9