IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

MUKHTIAR S. KHALSA,

        Plaintiff,

v.                                                  No. CV 15-01010 WJ/KBM

U.S.BANK, N.A., BANK OF AMERICA, N.A.,
and OCWEN LOAN SERVICING, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

THIS MATTER comes before the Court upon Defendants U.S. Bank, N.A., Bank of America, N.A., and Ocwen Loan Servicing, LLC's ("Defendants") Motion to Dismiss Plaintiff's Complaint (**Doc. 35**), filed June 13, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Defendants' Motion is well-taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

Plaintiff Mukhtiar S. Khalsa ("Plaintiff"), appearing *pro se*, filed a Complaint for Declaratory Judgment and For Restitution (**Doc. 1**) on November 6, 2015. Plaintiff alleges that on May 1, 2015, each of the Defendants received notices of rescission made by Plaintiff, pursuant to 15 U.S.C. § 1635, rescinding a loan associated with a mortgage recorded as document # 1397363 in the office of the Clerk of Santa Fe County, New Mexico. He further alleges that he caused a Notice of Release of Mortgage under Operation of Law recorded as instrument # 1771332 in the office of the Clerk of Santa Fe County, New Mexico. Plaintiff

alleges that none of the Defendants have complied with the obligations of a lender under the notices of rescission, and seeks declaratory judgment pursuant to 15 U.S.C. § 1635 and declaratory judgment and restitution pursuant to 15 U.S.C. § 1640.

Plaintiff's Complaint arises out of a judicial foreclosure involving real property located in Española, New Mexico. On October 1, 2015, Defendants filed a complaint for foreclosure, seeking to foreclose on a note and mortgage that was originally executed by Plaintiff and his wife in September of 2005. Defendants allege that Plaintiff has not made a payment in over five years and the unpaid principal balance on the loan is $166,499.88.

Defendants filed a Motion to Dismiss (**Doc. 35**) on June 13, 2016. Plaintiff filed a Response (**Doc. 37**) on June 16, 2016, and Defendants filed a Reply (**Doc. 43**) on July 1, 2016.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true for legal conclusions. *See id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

**DISCUSSION**

Defendants argue that Plaintiff incorrectly asserts that he is entitled to rescind the subject mortgage by unilaterally sending a notice to the lender under 15 U.S.C. § 1635. First, to agree with Plaintiff, anyone desiring to stop making mortgage payments could unilaterally rescind any mortgage at any time, keep the property, and not repay the loan. Defendants argue that this is contrary to the plain language of 15 U.S.C. § 1635. Second, the initial time period for Plaintiff to have exercised his rights has long expired. Defendants note that 15 U.S.C. § 1635(a) gives Plaintiff three (3) business days following the "consummation of the transaction" to rescind. The date of consummation occurred on September 2, 2005 when Plaintiff and his wife signed the Note. 15 U.S.C. § 1635(f) gives an obligor three (3) years to carry out a rescission when Truth in Lending Act (TILA) forms were not delivered at closing. Thus, Defendants argue that the last date for Plaintiff to exercise such rights was in 2008, not 2015. Third, 15 U.S.C. § 1635(b) states that "[u]pon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor . . . ." Defendants assert that it is undisputed that Plaintiff has not returned the property, that is, the funds borrowed under the mortgage. Additionally, Defendants argue that TILA prohibits actions against assignees unless the alleged TILA violation "is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(e)(1)(A). As Plaintiff has not alleged any TILA disclosure violations apparent on the face of the disclosure statement, Plaintiff's rescission claim should be dismissed.

Plaintiff responds that *Belini v. Wash. Mut. Bank FA* held that there is a clear recognized legal understanding that TILA rescission is a private process worked out within twenty days of notice between creditor and debtor without court intervention. *See* 412 F.3d 17, 25 (1st Cir. 2005). Additionally, *Jesinoski v. Countrywide Home Loans, Inc.* resolves that a borrower

3

exercising his right to rescind under the Act need only provide written notice to the lender within the 3-year period following consummation. *See* 135 S. Ct. 790, 793 (2015). Plaintiff argues that his Notice of Rescission (**Doc. 20**, Ex. A) asserts that as consummation had not occurred, his Notice was within the three year period. Plaintiff argues that under an estoppel by silence theory, because Defendants remained silent for twenty days following receipt of his Notice of Rescission, that previous silence estops them from now asserting that dispute.

Defendants, in their Reply, argue that *Jesinoski* does not support a never-ending right to rescind or an extension of the three-year rescission period prescribed by TILA. Rather, *Jesinoski* simply distinguished the required timely notice of rescission from a deadline to file suit, holding that "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." 135 S. Ct. at 792. *Jesinoski* specifically recognized that where a borrow attempted to rescind in the course of a foreclosure action commenced six years after the loan's consummation, the Court concluded that there was no federal right to rescind after the 3-year period of 15 U.S.C. § 1635(f) has run. *See id*. Defendants argue that Plaintiff's assertion in his Notice of Rescission that the loan was never consummated is not supported by any law and is a wholly conclusory allegation. Rather, the credit transaction was completed on September 2, 2005 when Plaintiff and his wife signed the Note. Plaintiff did not provide Defendants with a notice of recession until nearly ten years later and well beyond the three-year limitation period specified by 15 U.S.C. § 1635(f). Finally, Defendants argue that Plaintiff's estoppel argument fails because there is no statutory or common law that creates a duty for Defendants to respond to a rescission demand that is without basis.

The Court agrees with Defendants and finds that Defendants' Motion to Dismiss should be granted as Plaintiff fundamentally misconstrues the plain language and purpose of 15 U.S.C. § 1635. The statute grants borrowers the right to rescind a loan transaction within three (3) business days. However, if the creditor fails to provide requisite TILA disclosures, the borrower may rescind the transaction for up to three years from the date the loan closes. Defendants have made clear through argument and an Exhibit that the loan between Defendants and Plaintiff and his wife was consummated on September 2, 2005 (**Doc. 44-1**). The allegations in Plaintiff's Complaint support this, as Plaintiff alleges that each of the Defendants have made claims to be the owner of a loan associated with Plaintiff and "associated with a Mortgage dated September 2, 2005" (**Doc. 1**, at 2). Plaintiff mailed to Defendants a Notice of Rescission (**Doc. 20**, Ex. A) in April of 2015. This is clearly well beyond the three (3) year time period permitted for rescission, which expired in 2008. The Court agrees with Defendants' interpretation of *Jesinoski* as standing only for the proposition that written notice provided by the borrower is sufficient to exercise the right to rescission under TILA and the borrower need not file a lawsuit to rescind within three years after the closing of the loan transaction. The Court does acknowledge that Plaintiff is proceeding *pro se* and therefore "liberally construe[s] *pro se* pleadings." *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). However, the Court finds that Plaintiff's Complaint is legally insufficient as Plaintiff's rescission demand was untimely and without merit. The Court also does not credit Plaintiff's estoppel by silence theory, as there is no statute or common law that creates a duty for Defendants to respond to a rescission demand that is without basis, and similarly, nothing that estops Defendants from contesting Plaintiff's Notice of Rescission once Plaintiff himself brings suit. The Court additionally notes that the granting of Defendants' Motion to Dismiss moots Plaintiff's Motion for Summary Judgment (**Doc. 38**) filed on June 16, 2016.

5

Therefore, the Court finds that Defendants' Motion is well taken, and therefore

**GRANTED**.

       **SO ORDERED**

 

 

_____
UNITED STATES DISTRICT JUDGE