IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

MUKHTIAR S. KHALSA,

        Plaintiff,

v.                                                                                          No. CV 15-01010 WJ/KBM

U.S.BANK, N.A., BANK OF AMERICA, N.A.,
and OCWEN LOAN SERVICING, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION TO RECONSIDER JUDGMENT

THIS MATTER comes before the Court upon Plaintiff Mukhtiar S. Khalsa's ("Plaintiff") Motion to Reconsider Judgment (**Doc. 49**), filed July 27, 2016. Having reviewed the filing and the applicable law, the Court finds that Plaintiff's Motion is not well-taken, and therefore **DENIED**, as herein described.

### BACKGROUND

Plaintiff, appearing *pro se*, filed a Complaint for Declaratory Judgment and For Restitution (**Doc. 1**) on November 6, 2015. Plaintiff alleges that on May 1, 2015, each of the Defendants received notices of rescission made by Plaintiff, pursuant to 15 U.S.C. § 1635, rescinding a loan associated with a mortgage recorded as document # 1397363 in the office of the Clerk of Santa Fe County, New Mexico. He further alleges that he caused a Notice of Release of Mortgage under Operation of Law recorded as instrument # 1771332 in the office of the Clerk of Santa Fe County, New Mexico. Plaintiff alleges that none of the Defendants have complied with the obligations of a lender under the notices of rescission, and seeks declaratory

judgment pursuant to 15 U.S.C. § 1635 and declaratory judgment and restitution pursuant to 15 U.S.C. § 1640.

Plaintiff's Complaint arises out of a judicial foreclosure involving real property located in Española, New Mexico. On October 1, 2015, Defendants filed a complaint for foreclosure, seeking to foreclose on a note and mortgage that was originally executed by Plaintiff and his wife in September of 2005. Defendants allege that Plaintiff has not made a payment in over five years and the unpaid principal balance on the loan is $166,499.88.

Defendants filed a Motion to Dismiss (**Doc. 35**) on June 13, 2016. Plaintiff filed a Response (**Doc. 37**) on June 16, 2016, and Defendants filed a Reply (**Doc. 43**) on July 1, 2016. The Court filed a Memorandum Opinion and Order (**Doc. 45**) on July 13, 2016, granting Defendants' Motion to Dismiss. Plaintiff filed this Motion for Reconsideration (**Doc. 49**) on July 27, 2016.

## LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not expressly allow for "motions for reconsideration," the Tenth Circuit provides that such motions may be considered under Rule 59(e) or Rule 60(b), depending on the reasons expressed by the movant. *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). A motion for reconsideration under Rule 59(e) is appropriate where, as Plaintiff argues here, the court has misapprehended the facts, a party's position, or the controlling law. *See id.*; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants*, 204 F.3d at 1012 (citation omitted). A motion to reconsider is inappropriate

if it re-litigates the same issues, presents new theories, introduces previously available evidence that was not proffered, or reargues the merits. *See id.* (citation omitted). The decision to grant or deny a motion under Rule 59(e) is left to the sound discretion of the trial court. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

## DISCUSSION

Plaintiff begins by stating that Defendants U.S. Bank, N.A., Bank of America, N.A., and Ocwen Loan Servicing, LLC's ("Defendants") will not be able to "prove up a status" as being a lender with a right to deprive Plaintiff of his rights, and allegations that Defendants are lenders are conclusory and hearsay. Plaintiff repeats his prior argument that there is a clear recognized legal understanding that TILA rescission is a private process worked out within twenty days of notice between creditor and debtor without court intervention. *See Belini v. Wash. Mut. Bank FA*, 412 F.3d 17, 25 (1st Cir. 2005). Plaintiff argues that under an estoppel by silence theory, because Defendants remained silent for twenty days following receipt of his Notice of Rescission, that previous silence estops them from now asserting that dispute. Under 15 U.S.C. § 1635(b), Defendants had twenty days after receiving the Notice to dispute rescission or comply.

Plaintiff argues that the premise of this Court's Memorandum Opinion and Order rests on a "supposed authority" to make a determination as to whether Plaintiff had a valid right to rescission, when in fact, rescission is a private process worked out without the intervention of the courts. Apparently the only question this Court may determine is "to what amount is the Court obligated to award the Plaintiff." Plaintiff concludes that the Court has committed a reversible error in its Opinion, as the Court's determination that there exists no statute or common law requiring Defendants to respond to a frivolous rescission demand "is just not proper."

As the Court determined in its Memorandum Opinion and Order, Plaintiff's Notice of

Rescission was presented to Defendants well beyond the three (3) year time period permitted for rescission, which expired in 2008, and therefore, Plaintiff's rescission demand was untimely and without merit. The Court does not credit Plaintiff's estoppel by silence theory, as there is no statute or common law that creates a duty for Defendants to respond to a rescission demand that is without basis, and similarly, nothing that estops Defendants from contesting Plaintiff's Notice of Rescission once Plaintiff himself brings suit. The Court will not reconsider what it has already carefully considered.  Plaintiff's Motion does not demonstrate that the Court misapprehended the law, facts, or parties' positions.  Accordingly, the Court stands by its previous ruling, and denies Plaintiff's Motion for Reconsideration.

The Court finds that Plaintiff's Motion is not well-taken and is therefore **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE